IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG 30 PM 1:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

THYSSENKRUPP ELEVATOR
MANUFACTURING, INC.,

    Plaintiff,

v.                                                          No. 05-2317 D/P

MICHAEL R. SUTTON d/b/a
DMCELEVATOR.COM,

    Defendant.

## CONSENT INJUNCTION

Upon joint motion of Plaintiff ThyssenKrupp Elevator Manufacturing, Inc. ("ThyssenKrupp") and Defendant Michael R. Sutton d/b/a dmcelevator.com ("Defendant"), the Court hereby enters this Consent Injunction, ordering as follows:

1. Defendant, and any entity controlled or owned by or acting at the direction of Defendant, is hereby permanently enjoined from improperly acquiring, and from utilizing, distributing, offering for sale, and/or selling, any ThyssenKrupp Proprietary Information, other than with the prior express written permission of ThyssenKrupp. For purposes hereof, ThyssenKrupp Proprietary Information shall include ThyssenKrupp's Intelligent Management System Tools; DMS software; any other ThyssenKrupp proprietary software; any confidential or proprietary documentation, manual or user's guide relating to such software; and any other confidential or proprietary information belonging to ThyssenKrupp that constitutes a "trade secret" under Tenn. Code Ann. § 47-25-1702.

This document entered on the docket sheet in compliance
with Rule 58 and /or 9(a) FRCP on _____

2. Defendant, and any entity controlled or owned by or acting at the direction of Defendant, is hereby permanently enjoined from improperly acquiring, and from distributing, offering for sale, and/or selling, any information, materials, documents or software that are or have been derived or developed from ThyssenKrupp Proprietary Information, other than with the prior express written permission of ThyssenKrupp.

3. Defendant, and any entity controlled or owned by Defendant, is hereby permanently enjoined from (a) reproducing or copying by any means, (b) preparing derivative works, and (c) distributing reproductions, copies, or derivative works, of any ThyssenKrupp Proprietary Information, other than with the prior express written permission of ThyssenKrupp. To the extent that Defendant has not already done so, Defendant shall, in the presence of an authorized representative of ThyssenKrupp or as otherwise directed by ThyssenKrupp, delete, destroy, or otherwise render unusable all ThyssenKrupp Proprietary Information in his possession, custody, or control, within five (5) business days of the entry of this Consent Injunction.

4. Any request on the part of Mr. Sutton concerning ThyssenKrupp Proprietary Information, including the possession or handling thereof, shall be directed to undersigned counsel for ThyssenKrupp. If ThyssenKrupp or its representatives do not respond affirmatively within ten (10) business days to Mr. Sutton's request, said request shall be deemed denied.

5. Nothing herein shall prevent Mr. Sutton from reviewing or analyzing material, data or information of ThyssenKrupp that is (a) publicly available or (b) has been lawfully acquired by Mr. Sutton or one of his clients without any obligation to maintain its confidentiality, provided that any such actions are performed in compliance with paragraphs 1-3 hereof.

6. If ThyssenKrupp believes or asserts that Defendant has committed a violation of this Consent Injunction, ThyssenKrupp shall give written notice to Defendant of any and all such violation(s), with requisite details supporting such violation(s), before petitioning the Court for any redress. Defendant will thereafter have ten (10) days to address and, if possible, cure such violation(s).

7. The Court shall maintain jurisdiction of this matter for the purpose of enforcing the Consent Injunction.

IT IS HEREBY ORDERED THIS 30th DAY OF August, 2005.

Honorable Bernice Bouie Donald
United States District Judge

APPROVED AS TO FORM:

Douglas F. Halijan
Attorney for Plaintiff,
ThyssenKrupp Elevator Manufacturing Co., Inc.

Edward M. Bearman
Attorney for Defendant, Michael Sutton

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:05-CV-02317 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Peter L. Brewer
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Edward M. Bearman
BRANSON & BEARMAN
780 Ridge Lake Blvd.
Ste. 202
Memphis, TN 38120

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

DeWitt M. Shy
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT